MINNIE HILL *v.* COUNTY COURT OF KANAWHA COUNTY *et al.*

(CC 684)

Submitted April 18, 1944. Decided May 16, 1944.

KENNA, JUDGE, absent.

*P. G. Meador*, for plaintiff.
*Kay, Casto & Amos*, for defendants.

LOVINS, JUDGE:

The Circuit Court of Kanawha County overruled a demurrer to a petition for a peremptory writ of mandamus, and, of its own motion and on joint application of relator and respondents, certified its ruling to this Court.

Minnie Hill filed her petition for a writ of mandamus against the County Court of Kanawha County, Carl C. Calvert, Mont L. Cavender, and James C. Carper, commissioners of said court, Paul E. Wehrle, clerk thereof, and N. R. Henderson, Sheriff and ex officio Treasurer of Kanawha County. A rule was awarded requiring the respondents to show cause why the writ as prayed for should not issue. Respondents demurred to the petition, with the result above indicated.

Relator, prior to March, 1943, was appointed by the County Court of Kanawha County as registrar to represent the Republican party in precinct No. 110 in the City of Charleston. Primary and general municipal elections were held in the City of Charleston on March 24 and April 19, respectively, in the year 1943. Under Section 27, Chapter 43, Acts of the Legislature, 1941 (since repealed), the county court was required before primary and general elections to "station the registrars for two days at some convenient place within the voting precinct for the purpose of registering persons qualified to register and for amending, correcting and cancelling, where necessary, the registration records of the voters of the respective precinct." The 9th and 10th days of March, 1943, were designated by the county court as the days when the registrars would be stationed for the purpose above mentioned, prior to the primary election, and the 30th and 31st days of March, 1943, were designated as the days when the registrars would sit for the same purposes as to the general election. Relator was notified by the clerk of the county court that she was required to perform her duties as registrar in precinct No. 110 on the four days above mentioned, and, in accordance with such notice, she performed the duties of registrar in that precinct, which duties related to the primary and general elections held in the City of Charleston as above stated. The county court having fixed the per diem of registrars at five dollars a day, relator demanded that she be paid the sum of twenty dollars as compensation for her services. Payment was refused, and she has been informed that her claim for compensation will not be paid.

Relator alleges upon information that no budgetary provision has been made in the fiscal year 1943-44 for the payment of compensation to registrars, but that funds are available for such purpose. It is averred that the payment of her demand is a clerical and ministerial duty on the part of the county court, and further that the refusal of the county court to make payment to her is arbitrary,

capricious and legally unwarranted. Petitioner prays that the county court by proper order allow the sum of twenty dollars compensation for her services as registrar; that the president and clerk of said county court sign the order, and that the Sheriff of Kanawha County pay the same, provided sufficient funds are available for the fiscal year 1943-44, and that if sufficient funds are not available that the County Court of Kanawha County and its commissioners levy and appropriate sufficient funds in the budget for the next fiscal year, and that her demands be paid therefrom.

The questions certified, in so far as raised by petition and demurrer, may be condensed: Is it the ministerial duty of a county court to provide funds and pay a registrar of voters for services which relate only to two elections held in a municipality having a special charter?

The requirement that registrars be stationed in voting precincts prior to elections have been obviated by the repeal of Section 27, Chapter 43, Acts of the Legislature, 1941. Chapter 50, Acts, 1943.

The Legislature has enacted a comprehensive statute providing for the permanent registration of voters for the purpose of elections held in this State, in the counties, municipalities and other subdivisions thereof. Chapter 43, Acts, 1941 (Permanent Registration Law.). But the Legislature by clear and unambiguous enactment excluded municipal elections from the operation of the Permanent Registration Law, except where the provisions thereof are made "expressly applicable". Section 1, Article 1, Chapter 43, Acts, 1941. We have found no clear and definite statutory provision making the Permanent Registration Law applicable to municipal elections where no ordinance has been passed by the municipality. Section 2, Article 2, Chapter 43, Acts of the Legislature, 1941, wherein certain words and phrases are defined does not meet the standard of clarity and certainty required by the first section of Article 1 above mentioned, so as to make the other provisions of that chapter applicable.

The duty of a municipal governing body with respect to registration of voters for the purpose of holding municipal elections is set forth in the following: "It shall be the duty of each municipality by ordinance to make provision for integrating the conduct of all municipal elections with a system of 'Permanent Registration of Voters'. Such ordinances, shall, to the extent that they are reasonably applicable, parallel those provisions of chapter three of of the official code, which integrate county-state elections with the 'Permanent Registration System'. The provisions of this act shall supersede conflicting provisions in existing municipal charters and shall be deemed as amendments to such charters." Article 3, Chapter 44, Acts of the Legislature, 1941. It is clear that the legislative purpose in enacting the law relative to permanent registration was to make the same applicable to State and county elections, without further legislation, and to municipalities when an ordinance shall have been passed in obedience to the legislative mandate. So far as disclosed by the record herein no ordinance has been passed by the Council of the City of Charleston making provision for the registration of voters for the holding of municipal elections. No ordinance having been passed by the City of Charleston, Section 27 of Chapter 43, Acts of 1941, under which relator acted as registrar, did not apply to the primary and general elections held in the City of Charleston in the year 1943. The correction and amendment of the list of registered voters by relator on the 9th, 10th, 30th and 31st days of March, 1943, were not required nor authorized.

Chapter 156, Acts of the Legislature, 1933, Second Extraordinary Session, having failed of adoption at the referendum provided for therein, the statute now in force incorporating the City of Charleston is Chapter 4, Acts of the Legislature, 1929, (Municipal Charters). Sections 9 and 9-A of Chapter 4, above mentioned, providing for the registration of voters were amended and reenacted by Chapter 117, Acts, 1933, Regular Session, and the latter act was, in turn, amended by Article 3, Chapter 44, Acts

of the Legislature, 1941, above quoted. Chapter 4, Acts of the Legislature, 1929, as amended, having been amended by the general act requiring the passage of an ordinance by the governing body of a municipality, and no ordinance having been passed in accordance with the requirements of the last amendment (Article 3, Chapter 44, Acts of the Legislature, 1941), the City of Charleston has no system of permanent registration of voters, except so far as the voters have been registered under the supervision of the County Court of Kanawha County, in accordance with Section 13-a, Article 4, Chapter 44, Acts of the Legislature, 1941, and Section 13-a of Article 5 of the same chapter. The relator's services pertaining solely to municipal elections do not create a debt owing by the County Court of Kanawha County.

We are mindful that the secretary of state is the chief registration official of the State, and that the county courts, subject to his authority, are the chief registration tribunals in their respective counties and all subdivisions thereof, but this does not relieve a municipality of the duty to integrate the method of permanent registration of voters therein with the general plan provided for and established by Chapter 43, Acts of the Legislature, 1941.

The county court is required to budget the funds necessary for the payment of compensation of registrars. Section 42, Article 2, Chapter 43, Acts of the Legislature, 1941. But this section does not expressly require the payment of compensation to registrars for services performed relating to municipal elections. It is only reasonable to assume that municipalities in passing the ordinance required to integrate the "Permanent Registration System" would likewise provide funds to pay the expense of registering voters at municipal elections.

We are prompted to ask the question: Should property located outside the corporate limits of a municipality be taxed to pay the expenses of registering voters for an election held exclusively for municipal purposes? We answer the question in the negative. Relator offers as a

reason for awarding the writ that property in one subdivision of a county is often taxed to provide improvements located in another. It may be that payment for many public improvements is made by persons who do not enjoy the use thereof to the fullest extent. But that arises from the fact that public improvements are generally fixed as to location. A municipal election is different from such public improvements as parks, roads and other fixed installations. We can see no reason for requiring the County Court of Kanawha County to pay the expenses of municipal elections held in the City of Charleston out of funds derived from taxation of all the citizens of that county. The primary and general elections held in the City of Charleston in 1943 were the sole concern of the citizens of that municipality, and the county court should not be required to pay the expenses incurred in holding the same.

The petition of relator does not show that she has a clear legal right to receive compensation from the County Court of Kanawha County for her services as registrar of voters performed on the 9th, 10th, 30th and 31st days of March, 1943; the demurrer thereto should have been sustained; and accordingly the ruling of the Circuit Court of Kanawha County is reversed.

*Reversed.*